Michael J. Shipley (SBN 233674)
mshipley@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, California 90071
Telephone:   (213) 680-8400
Facsimile:   (213) 680-8500

*Attorneys for Defendant*
*GoodRx Holdings, Inc.*

[Additional Attorneys Listed on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>GOODRX HOLDINGS, INC., CRITEO CORP., META PLATFORMS, INC., AND GOOGLE LLC,<br><br>Defendants. | Case No. 3:23-CV-00501-VC<br><br>**JOINT INITIAL CASE MANAGEMENT STATEMENT**<br><br>Date:      April 28, 2023<br>Time:      10:00 a.m.<br>Location: Zoom<br>Judge:    Honorable Vince Chhabria<br><br>Complaint Filed:  February 2, 2023 |
| JOHN DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>GOODRX HOLDINGS, INC., CRITEO CORP., META PLATFORMS, INC., AND GOOGLE LLC,<br><br>Defendants. | Case No. 3:23-CV-00744-VC<br>Complaint Filed:  February 17, 2023 |
| JOSE MARQUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>GOODRX HOLDINGS, INC., META PLATFORMS, INC., AND GOOGLE LLC, and CRITEO CORP.,<br><br>Defendants. | Case No. 3:23-CV-00940-VC<br>Complaint Filed:  March 2, 2023 |

| | |
|---|---|
| HOLLIS WILSON, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br>  v.<br><br>GOODRX HOLDINGS, INC., CRITEO CORP., META PLATFORMS, INC., AND GOOGLE LLC,<br><br>     Defendants. | Case No. 3:23-CV-01293-VC<br>Complaint Filed:  March 20, 2023 |
| E.C., individually and on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br>  v.<br><br>GOODRX HOLDINGS, INC., CRITEO CORP., META PLATFORMS, INC., AND GOOGLE LLC,<br><br>     Defendants. | Case No. 3:23-CV-01508-VC<br>Complaint Filed:  March 30, 2023 |

The parties in the above-captioned cases, by and through their respective counsel of record, hereby submit the following Joint Initial Case Management Statement pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California, in advance of the Initial Case Management Conference scheduled in the above-captioned cases for April 28, 2023 at 10:00 A.M. before the Honorable Vince Chhabria.

## 1.  JURISDICTION AND SERVICE

The parties agree that no issues exist regarding personal jurisdiction or venue.  For all of the above-captioned cases, all Defendants have either been properly served, or have formally waived service of process of the summons and complaint.

Plaintiffs assert that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C § 1332(d). Plaintiff alleges that the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367. The Defendants reserve their objections to subject-matter jurisdiction.

## 2.  FACTS

Plaintiff Jane Doe filed a putative class action in this District captioned *Jane Doe v. GoodRx Holdings, Inc.*, No. 3:23-CV-00501 (N.D. Cal.), on February 2, 2023 (the "*Jane Doe* Action").  Plaintiff John Doe filed a putative class action in this District captioned *John Doe v. GoodRx Holdings, Inc.*, No. 3:23-CV-00744 (N.D. Cal.), on February 17, 2023 (the "*John Doe* Action").  Plaintiff Jose Marquez filed a putative class action in this District captioned *Marquez v. GoodRx Holdings, Inc.*, No. 3:23-CV-00940 (N.D. Cal.), on March 3, 2023 (the "*Marquez* Action").  Plaintiff Hollis Wilson filed a putative class action in this District captioned *Wilson v. GoodRx Holdings, Inc.*, Case No. 4:23-cv-01293 (N.D. Cal.) on March 20, 2023 (the "*Wilson* Action").  Plaintiff E.C. filed a putative class action in this District captioned *E.C. v. GoodRx Holdings, Inc.*, Case No. 3:23-cv-01508 (N.D. Cal.) on March 30, 2023 (the "*E.C.* Action").

### *Plaintiffs' Statement:*

The above-captioned cases allege that Defendant GoodRx Holdings, Inc. ("GoodRx") operates a mobile app called the "GoodRx: Prescription Saver" in the Apple App Store and

1

JOINT INITIAL CASE MANAGEMENT STATEMENT            CASE NOS. 3:23-cv-00501, 3:23-cv-00744,
3:23-cv-00940, 4:23-cv-01293, 3:23-cv-01508

"GoodRx: Prescription Coupons" in the Google Play Store, as well as the website www.goodrx.com (collectively, the "GoodRx Platform") that, among other things, offers consumers a place to compare drug prices by pharmacy and access coupons that might help them save money on medications. ¶¶ 1, 3-5.[1] Plaintiffs allege that they used GoodRx's Platform and were required to provide sensitive health data and personal information, including their personally identifiable information, prescription information, date of birth, the type of medical treatment they sought, and information about their symptoms and medical history. ¶¶ 3-5.

Plaintiffs allege that Defendants Criteo Corp. ("Criteo"), Meta Platforms, Inc. ("Meta"), and Google LLC ("Google") each offer software development kits that were incorporated in the GoodRx mobile coupon app, and additional, separate tracking software that were incorporated on the GoodRx website, which were intended to and did cause the interception and disclosure of Plaintiffs' sensitive health data and personal information described above. ¶ 18. Defendants' conduct is especially troublesome given that GoodRx expressly told users that their health information would not be disclosed to advertisers or other third parties. ¶ 73.

As a result of Defendants conduct, Plaintiffs suffered injuries for which they bring the following claims against Defendants, on behalf of themselves and all others similarly situated: (1) intrusion upon seclusion; (2) unjust enrichment; (3) violations of the California Invasion of Privacy Act ("CIPA"); and (4) violation of California's Unfair Competition Law. In addition, Plaintiffs bring the following claims against GoodRx: (1) violations of the California Confidentiality of Medical Information Act ("CMIA"); and (2) violation of the California Consumers Legal Remedies Act ("CLRA"). Plaintiffs also bring claims against Criteo, Meta, and Google for aiding and abetting violations of CMIA.[2]

Notably, the Federal Trade Commission ("FTC") commenced an enforcement action, pursuant to 15 U.S.C. § 45, on February 1, 2023, which was resolved by a consent decree based

---

[1] "¶" refers to the Class Action Complaint, ECF No. 1, in Case No. 3:23-cv-00501-VC.

[2] The *John Doe* action does not include claims for unjust enrichment and includes claims for violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511, and the *E.C.* action includes a claim under New York's General Business Law § 349.

2

JOINT INITIAL CASE MANAGEMENT STATEMENT          CASE NOS. 3:23-cv-00501, 3:23-cv-00744,
                                                 3:23-cv-00940, 4:23-cv-01293, 3:23-cv-01508

on Defendants' course of conduct alleged here, i.e., that it unlawfully shared personal health information with advertising and analytics companies Criteo, Meta, and Google.  *See United States v. GoodRx Holdings, Inc.*, Case No. 3:23-cv-00460-DMR (N.D. Cal. Feb. 1, 2023).

       ***Defendants' Statement:***

Plaintiffs in all of the above-captioned related cases allege that GoodRx Holdings, Inc. ("GoodRx"), a company that offers prescription coupons and other services allowing consumers to save money on prescription drugs, disclosed users' sensitive health data to certain third-party advertising and technology companies—including defendants Criteo Corp. ("Criteo"), Meta Platforms, Inc. ("Meta"), and Google LLC ("Google") (collectively, the "Analytics Defendants"). *See, e.g.*, Compl. ¶ 1, 3, 17, *Jane Doe* Action.  Plaintiffs allege that GoodRx implemented the Analytics Defendants' tracking technologies, including software development kits ("SDKs") and pixels, and that, through these tools, the Analytics Defendants intercepted Plaintiffs' sensitive health information "relating to their medical conditions, symptoms, and prescriptions, communicated through the GoodRx Platform."  *Id*. ¶  18.

However, Plaintiffs' claims are not sufficiently alleged and Defendants deny all of Plaintiffs' claims and allegations that Defendants disclosed, intercepted, and/or used Plaintiffs' sensitive health data or any other data in violation of statutory and/or common laws.  Defendants will present their further views regarding the relevant facts and disputed factual issues at a later date.

    **3.  LEGAL ISSUES**

       ***Plaintiffs' Statement:***

Plaintiff believes that at least the following legal issues will be presented in this case: (1) Whether Defendants violated Plaintiff's and Class members' privacy rights; (2) Whether Defendants were unjustly enriched; (3) Whether Defendants' acts and practices violated California's Confidentiality of Medical Information Act, Civil Code §§ 56, et seq.; (4) Whether Defendants' acts and practices violated the California Invasion of Privacy Act, Cal. Penal Code §§ 630, et seq.; (5) Whether Plaintiff and the Class members are entitled to equitable relief, including

3

JOINT INITIAL CASE MANAGEMENT STATEMENT       CASE NOS. 3:23-cv-00501, 3:23-cv-00744,
3:23-cv-00940, 4:23-cv-01293, 3:23-cv-01508

but not limited to, injunctive relief, restitution, and disgorgement; and (6) Whether Plaintiff and the Class members are entitled to actual, statutory, punitive or other forms of damages, and other monetary relief.

Plaintiffs understand from discussions with Defendants that GoodRx intends to file motions to compel at least certain Plaintiffs to arbitration based on its purported terms of service. Plaintiffs will respond to such motions at the appropriate time, but disagree that, any attempt by GoodRx to compel arbitration against any one Plaintiff should delay the other Plaintiffs from pursuing relief in this litigation against GoodRx and other Defendants. Furthermore, Plaintiffs believe that efficiency, coordination, and fairness counsel in favor of permitting Plaintiffs who are subject to a motion to compel arbitration from GoodRx to proceed with their claims against the other Defendants (who do not seek arbitration) alongside Plaintiffs who are not subject to such a motion brought by GoodRx. The Parties agreed to consolidate these cases, so it makes no sense to stagger the progression of the cases pending resolution of the motions to compel arbitration, or to delay Plaintiffs whose claims are not subject to a motion to compel arbitration..

*Defendants' Statement:*

Defendants deny that they have violated any laws or "deceptively conceal[ed]" any wrongful conduct, deny that Plaintiffs have stated a claim under any legal theory, and deny that Plaintiffs may pursue claims on behalf of any putative class.  Without the benefit of a decision on Plaintiffs' pending motion for consolidation or a Consolidated Complaint, the primary legal issues at this stage likely include:

(1)  Whether Plaintiffs are required to pursue their claims in arbitration.

(2)  If a plaintiff is compelled to arbitrate its claims with one defendant, whether the claims against remaining defendants should be stayed pending the outcome of the arbitration.

(3)  Whether Plaintiffs' claims against Meta are subsumed within the *In re Meta Pixel Healthcare Litigation* consolidated action already pending in this District, Case No. 22-cv-03580-WHO.

(4) Whether Plaintiffs have alleged sufficient facts to plead a violation of the California Confidentiality of Medical Information ("CMIA") (Civ. Code §§ 56.06, 56.10, 56.101) against GoodRx; an aiding and abetting violation of the CMIA (Civ. Code §§ 56.06, 56.10, 56.101) against the Analytics Defendants; a violation of the CMIA (Civ. Code § 56.36) against the Analytics Defendants; a violation of the California Invasion of Privacy Act ("CIPA") (Cal. Penal Code § 631) against all Defendants; a violation of the CIPA (Cal. Penal Code § 632) against Analytics Defendants, a violation of the California Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750 et seq.) against GoodRx; a violation of the Electronic Communications Privacy Act (18 U.S.C. § 2511, *et seq.*) against all Defendants; violations of the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 et seq.); violations of New York General Business Law (§ 349); and/or claims for common law intrusion upon seclusion and unjust enrichment.

(5)  Whether Plaintiffs consented to the conduct alleged in the Complaints.

(6)  Whether Plaintiffs' claims are barred by the applicable statutes of limitations.

(7)  Whether any putative class alleged by Plaintiffs can be certified under Rule 23.

Additional legal issues may be presented, particularly if the cases progress past the pleading stage.

### 4.  MOTIONS

***Prior Motions:***

Aside from the motions for leave to appear *pro hac vice* filed by counsel for the parties, on February 17, 2023, Meta moved to relate the *Jane Doe* Action to *Doe v. Hey Favor, Inc.*, 23-cv-00059-WHO (N.D. Cal.); that motion was denied on February 24, 2023.  *Jane Doe* Action, Dkt. 28.  On February 21, 2023, Plaintiffs in the *Jane Doe* Action moved to relate the *Jane Doe* and *John Doe* Actions to *United States v. GoodRx Holdings, Inc.*, 23-cv-00460-DMR (N.D. Cal.) (Dkt. 16); that motion was denied on March 2, 2023.  *Jane Doe* Action, Dkt. 39.  On March 8, 2023, Plaintiffs in the *Jane Doe* Action moved to relate the *Jane Doe*, *John Doe*, and *Marquez* Actions (*Jane Doe* Action, Dkt. 43); that motion was granted on March 20, 2023.  *Jane Doe* Action, Dkt. 64.  On April 11, 2023, Plaintiffs in the *Jane Doe* Action moved to relate the *Jane Doe* Action

5

JOINT INITIAL CASE MANAGEMENT STATEMENT                    CASE NOS. 3:23-cv-00501, 3:23-cv-00744,
                                                           3:23-cv-00940, 4:23-cv-01293, 3:23-cv-01508

with the *Wilson* and *E.C.* Actions (*Jane Doe* Action, Dkt. 73); that motion was granted on April 20, 2023. *Jane Doe* Action, Dkt. 76.

**Pending Motions:**

On March 14, 2023, Plaintiffs in the *Jane Doe* Action moved to consolidate the *Jane Doe* Action with the *John Doe* and *Marquez* Actions, with a hearing on the motion originally set for April 20, 2023. *Jane Doe* Action, Dkt. 60. Defendants did not oppose this motion.

On April 21, 2023, Plaintiffs filed a second motion to consolidate, seeking to consolidate the *Jane Doe* Action, the *John Doe* Action, the *Marquez* Action, the *Wilson* Action, and the *E.C.* Action. *Jane Doe* Action, Dkt. 77. That motion is currently set for hearing on June 1, 2023 at 10:00 a.m.; responses are due by May 5, 2023, and replies are due by May 12, 2023. *Jane Doe* Action, Dkt. 77. Defendants do not oppose this motion.

**Anticipated Motions:**

The parties previously stipulated that if the Court grants Plaintiffs' unopposed motion for consolidation, Plaintiffs will file a stipulation or motion to determine interim class counsel within 14 days after entry of an order consolidating the actions. *Jane Doe* Action, Dkt. 72.

Following the ruling on Plaintiffs' unopposed motion for consolidation and the filing of a Consolidated Complaint, GoodRx anticipates filing motions to compel arbitration for many if not all of the named plaintiffs. Defendants Criteo, Google, and Meta reserve their rights to similarly file motions to compel arbitration or to stay litigation pending the motions to arbitrate and any subsequent arbitrations. With respect to any plaintiffs who are not compelled to arbitrate their claims and whose claims are not stayed, Defendants anticipate filing motions to dismiss. The parties previously stipulated to the following schedule for these anticipated motions:

| Event | Deadline |
|---|---|
| Defendants' motions to dismiss or motions to compel arbitration and/or motions to stay litigation pending arbitration | 45 days from the filing of a Consolidated Complaint |
| Deadline to serve jurisdictional discovery | 14 days after any motion to compel arbitration |
| Response to any motion to dismiss or motion to stay pending arbitration | 30 days after the motion is filed |

| Event | Deadline |
|---|---|
| Response to any motion to compel arbitration | 30 days after jurisdictional discovery is completed |
| Reply in support of motions to compel arbitration, motion to dismiss, or motion to stay pending arbitration | 21 days after the response to the motion is filed |

*Jane Doe* Action, Dkt. 72.

The parties' respective position on scheduling issues are described below:

***Plaintiffs' Statement*:**

The parties negotiated the April 7, 2023 stipulation at length to come to an agreeable schedule on the briefing of motions to dismiss, motions to compel arbitration, and motions to stay litigation pending arbitration in this action. Plaintiffs sought certain deadlines in the stipulation in exchange for giving Defendants an extension to respond to their complaints.

Having already obtained the benefit of this extension, Defendants no longer want to comply with the remainder of the schedule they stipulated to. Defendants now propose an entirely different schedule that dramatically alters the parties' previous agreement and calls for different responses to the complaint, at different times, and unreasonably long times for Defendants to do so. The Court should not entertain this bait-and-switch.  The Court should require Defendants to follow the schedule the parties already negotiated and agreed to.

The ***only*** dispute among the parties, when the prior stipulation was agreed to, which they discussed at length during meet-and-confers about the schedule, is whether a Defendant who does not file a motion to compel a Plaintiff to arbitration should be required to file a motion to dismiss that Plaintiff's claims within 45 days from the filing of a Consolidated Complaint. Defendants assert they should be able to wait to file motions to dismiss as to all Plaintiffs' claims until after GoodRx's anticipated motions to compel certain Plaintiffs to arbitration are decided and those arbitrations completed, despite (1) not all Plaintiffs being subject to a claim for arbitration, and (2) certain Defendants having no colorable basis to compel any Plaintiff to arbitration themselves.

Plaintiffs position is that GoodRx's anticipated motion(s) should not delay the progress of this entire case because the resolution of the whole of the case is unaffected by the outcome of

7

JOINT INITIAL CASE MANAGEMENT STATEMENT                    CASE NOS. 3:23-cv-00501, 3:23-cv-00744,
                                                                          3:23-cv-00940, 4:23-cv-01293, 3:23-cv-01508

those anticipated motions. Defendants who do not file motions to compel arbitration as to one or more Plaintiffs should be required to respond to those Plaintiffs' claims in the Consolidated Complaint within 45 days, as those claims against that Defendant will be litigated in federal court regardless of the outcome of GoodRx's motion(s). Defendants assert without authority that this Court should defer to the decisions of the arbitrator or that the arbitration a dispute between other parties an estoppel or res judicata effect on this Court. Defendants are wrong. Under California law, "a private arbitration award, even if judicially confirmed, can have no collateral estoppel effect in favor of third persons unless the arbitral parties agreed, in the particular case, that such a consequence should apply." Cipolla v. Team Enterprises, LLC, C 18-06867 WHA, 2023 WL 2648204, at *5 (N.D. Cal. Mar. 26, 2023).

For this reason, Plaintiffs propose keeping the current, stipulated schedule in place, with the following addition, which Plaintiffs proposed to Defendants previously but, given the parties' disagreement, was removed from the end of the stipulation in the interest of compromise with the understanding that Plaintiffs would raise these issues with the Court at this conference:

- Should a Defendant move to compel a Plaintiff to arbitration, and that motion is not granted, that Defendant will have 45 days from a decision on that motion to compel arbitration to move to dismiss that Plaintiff's claims, or otherwise respond;

- Plaintiff will have 30 days to oppose any motion to dismiss; and

- Defendant will have 15 days to file their reply brief.

**Defendants' Statement:**

Although the parties negotiated a stipulated schedule for several weeks, the parties were previously unable to agree upon the appropriate sequencing for the anticipated motions to compel arbitration, motions to stay pending arbitration, and motions to dismiss. Thus, contrary to Plaintiffs' reference to any "bait-and-switch," Defendants discussed several times with Plaintiffs that they therefore intended to raise this issue of sequencing with the Court. Because Defendant GoodRx intends to file motion(s) to compel arbitration, and other Defendants may also move to compel arbitration, Defendants propose the following sequence for anticipated motion practice:

- GoodRx shall file any motion(s) to compel arbitration against any or all named plaintiff(s) within 45 days from the filing of the Consolidated Class Action Complaint;

- Google, Criteo, and Meta shall have 7 days following GoodRx's motion(s) to compel arbitration to file a motion to compel arbitration and/or a motion to stay litigation pending arbitration against any or all named plaintiff(s)[3];

- If any motion to compel arbitration is filed as to any of the plaintiffs, Defendants shall have 45 days following a decision determining the motion(s) to compel arbitration and motion(s) to stay pending arbitration to answer or otherwise respond to the Consolidated Class Action Complaint, including by filing a motion under Rule 12.

Defendants propose this sequencing in the interest of judicial economy and conserving resources. Specifically, it avoids unnecessary expenditure of resources addressing claims that may be rendered moot and/or significantly narrowed depending on the outcome of the motion(s) to compel arbitration. Indeed, not all Plaintiffs allege the same claims and three of the five plaintiffs allege they are not California residents. Plaintiff E.C., for example, alleges only two claims asserting violations of New York and common law. Even if fewer than all plaintiffs are compelled to arbitration, the claims remaining for this Court to decide on a motion to dismiss may be significantly narrower following decision of the motion(s) to compel arbitration. Thus, motions to compel arbitration and/or stay pending arbitration should be decided before any motions to dismiss so that the Court and the parties can have a clear understanding of which claims are at issue and which parties will proceed—and when—in this forum.

Further, if any plaintiff is compelled to arbitrate their claims against at least GoodRx (or other defendants), at least that plaintiff's claims against the remaining defendants should be stayed pending resolution of the arbitration(s). That is because the claims against any remaining

---

[3]  Defendants dispute Plaintiffs' assertion that "certain Defendants having no colorable basis to compel any Plaintiff to arbitration themselves." Defendants have made clear that Defendants other than GoodRx may bring motions to compel arbitration including on the basis that Plaintiffs who have binding arbitration agreements with GoodRx may be estopped from litigating the claims at issue here against certain other Defendants. Further, it may be necessary to stay the claims of some or all Plaintiffs as to all Defendants pending arbitration.

defendant(s) in this case will necessarily depend on decisions the arbitrator will be deciding. For example, Plaintiffs allege GoodRx provided defendants Meta, Google and Criteo access to plaintiffs' data for analytics purposes. If an arbitrator determines that GoodRx's provision of data to these defendants was lawful, that would estop those plaintiffs from arguing the opposite to this Court.

This proposed sequencing is also consistent with the clear mandate of the FAA to avoid ruling on the merits prior to determining the initial question of arbitrability. *See, e.g.*, *Abreu v. Slide, Inc.*, 2012 WL 2873772, at *6 (N.D. Cal. July 12, 2012) (granting motion to compel arbitration and therefore declining to consider motion to dismiss because the claims "must be 'considered by an arbitrator in the first instance'").

Alternatively, if the motions to dismiss and motions to compel arbitration proceed in parallel, the parties would have to brief—and the Court would have to review—arguments on claims that may ultimately no longer be in this litigation or that should be stayed pending the result of the arbitrations. The Motions to Dismiss could be far more streamlined and less burdensome on the Court if the parties are able to tailor the motions to the claims and plaintiffs not subject to arbitration or a stay—if any.

### *Additional Anticipated Motions:*

Plaintiffs will file a motion for class certification. The parties may move for summary judgment and make various discovery and pretrial motions, as necessary.

### *Defendants' Statement*:

Additionally, separate from and unrelated to any motions to compel arbitration or motions to stay pending arbitration, Meta intends to file a motion to sever the claims against it so that they may be related to and consolidated with *In re Meta Pixel Healthcare Litigation*, 22-cv-3580-WHO (N.D. Cal. June 17, 2022), because the claims against Meta in the above-captioned actions are duplicative of—and encompassed within—the claims asserted in the consolidation action *In re Meta Pixel Healthcare Litigation* pending before Judge Orrick.

As more fully discussed below in section 8 (Discovery) and for the reasons stated above, Defendants propose that the Court stay discovery until the motions to compel arbitration, motions to stay pending arbitration, and motion to sever have been decided.  Defendants believe that any additional motion practice will be contingent on the Court's ruling on the motions to compel arbitration, motions to stay pending arbitration, and motions to dismiss.

***Plaintiffs' Statement***:

Each of Plaintiffs' claims here arise out of their use of the GoodRx coupon app or GoodRx website. They have nothing to do with the claims in *In re Meta Pixel Healthcare Litigation*, 22-cv-3580-WHO (N.D. Cal. June 17, 2022), which arise out of hospital patients' use of web-based hospital patient portals. Additionally, *In re Meta Pixel Healthcare Litigation*, 22-cv-3580-WHO (N.D. Cal. June 17, 2022) involves only one Meta technology, the Meta Pixel, and is unrelated to the combination of software development kits incorporated in the GoodRx app that allows consumers to save money on prescription costs.

Indeed, Meta has already tried and failed to relate this case to another separate app-based action in *Doe v. Favor, Inc.*, 3:23-cv-00059 (N.D. Cal.). This motion is equally frivolous, as it continues to overlook the distinctions between these separate cases, including that they involve different apps, websites, technology, data, and time periods.

As for discovery, Plaintiffs disagree that a stay is appropriate here and believe that discovery should begin immediately with the production of any documents GoodRx produced to the FTC in connection with its investigation of similar claims.

### 5. AMENDMENT OF PLEADINGS

The parties previously stipulated that if the Court grants Plaintiffs' unopposed motion for consolidation, a consolidated class action complaint shall be filed 30 days after entry of an order appointing interim class counsel in the consolidated action.

Plaintiffs may seek leave amend the complaint further at a later date. Defendants reserve all rights regarding any further motion by Plaintiffs to amend the complaint.

11

JOINT INITIAL CASE MANAGEMENT STATEMENT          CASE NOS. 3:23-cv-00501, 3:23-cv-00744,
3:23-cv-00940, 4:23-cv-01293, 3:23-cv-01508

**6. EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.  In light of the recent motions to relate and the pending motion for consolidation, the parties have not completed the meet and confer process pursuant to Fed. R. Civ. P. 26(f).  The parties intend to engage in further meet and confer discussions in the coming weeks regarding their respective reasonable and proportionate steps taken to identify and preserve potentially relevant information, understanding that Plaintiffs' motion for consolidation has not yet been decided and Plaintiffs have not filed a Consolidated Complaint.

**7. DISCLOSURES**

In light of the recent motions to relate and the pending motion for consolidation, the parties have not yet served initial disclosures. Provided that Plaintiffs' motion for consolidation is granted, the parties have agreed to serve initial disclosures within 30 days after the filing of a Consolidated Complaint.

**8. DISCOVERY**

No discovery has been conducted to date.

***Timing/Scope of Anticipated Discovery:***

***Plaintiffs' Statement:***

The parties conducted their Rule 26(f) conference on April 25, 2023. Plaintiffs believe Defendants should immediately produce all documents provided to the FTC as part of its investigation of the very same conduct at issue in this case. As Defendants have already prepared these productions when these documents were produced to the FTC, there is very minimal (if any) burden in Defendants producing them again now.

Plaintiffs believe all other discovery should commence once the Motion to Consolidate the Related Actions in the *Jane Doe* action is resolved, lead counsel is appointed, and the Consolidated Class Action Complaint is filed. At that point, discovery should open for all purposes including class certification and trial.

Plaintiffs anticipate seeking discovery on, among other things, the following subjects: (1) Defendant GoodRx's incorporation of Criteo, Meta and Google's software development kits, tracking pixels, and other technology that causes the transmission of GoodRx users' data; (2) disclosures (if any) by Defendants relating to the interception, transmittal, and receipt of their sensitive data and health information; (3) versions of Criteo, Meta, and Google's software development kits, tracking pixels, and other technology that causes the transmission of GoodRx users' data; (4) Defendants' use of GoodRx users' data, including sensitive data and health information; (5) Plaintiffs' data; (6) Defendants' advertising practices, including targeting GoodRx users based on the data GoodRx disclosed, and remaining Defendants intercepted, about GoodRx users; (7) revenue derived from the intercepted GoodRx data; and (8) documents relating to Defendants' motives, intent, and knowledge with respect to the disclosure, interception, and use of GoodRx users' data.

Defendants request for a blanket stay of all discovery until GoodRx's not-yet-filed motion(s) to compel arbitration are resolved is inconsistent with the Federal Rules. *Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597, 600 (D. Nev. 2011) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending."). "[A] party seeking a stay of discovery carried the heavy burden of making a strong showing why discovery should be denied." *See Cain v. JPay, Inc.*, No. 221CV07401FLAAGRX, 2022 WL 1840342, at *2 (C.D. Cal. Apr. 4, 2022) (internal citation omitted). In evaluating whether a stay is appropriate, courts consider (1) whether the motion is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed" and (2) whether "the pending, potentially dispositive motion can be decided absent additional discovery." *Id.*

Defendants do not (and cannot) meet their "heavy burden" of showing a stay is appropriate because GoodRx's motion to compel arbitration is not in any way "potentially dispositive of the entire case." *Id.* Indeed, Defendants do not dispute that the claims against Google, Criteo, and Meta will go forward even if GoodRx's motion is granted, which ends the inquiry.

13

JOINT INITIAL CASE MANAGEMENT STATEMENT          CASE NOS. 3:23-cv-00501, 3:23-cv-00744,
                                                 3:23-cv-00940, 4:23-cv-01293, 3:23-cv-01508

Further, Defendants are wrong in claiming a stay will "promote[] the 'just, speedy, and inexpensive' resolution of [the] case[.]" Just the opposite. A stay of discovery will only unnecessarily prolong the resolution of this case, which will continue to go forward regardless of GoodRx's motion to compel arbitration. Nor will a stay "conserv[es] the resources of the parties[.]" Plaintiffs will obtain the same discovery against all Defendants regardless of whether it happens now (as it should) or months from now under Defendants' request for a stay. This is true even if GoodRx successfully compelled all Plaintiffs to arbitration (which is unlikely), as Plaintiffs would still need and obtain the same discovery, at least regarding the FTC documents and depositions of GoodRx employees, from GoodRx because these documents and information are necessary to prove Plaintiffs' claims against Meta, Criteo, and Google.

The Court should reject Defendants' request for a stay of all discovery, which only delays the resolution of the action and has no corresponding benefit.

**Defendants' Statement:**

As noted above, GoodRx anticipates filing motions to compel arbitration as to some if not all of the named plaintiffs, and Google, Criteo, and Meta reserve their rights to similarly file motions to compel arbitration or motions to stay pending arbitration.  Pursuant to the parties' Stipulation and [Proposed] Scheduling Order (ECF No. 72), Defendants have agreed to proceed with certain, limited jurisdictional discovery – solely – if Plaintiffs choose to propound any, in the near term.  *See* ECF No. 72 at 4 ("If a Defendant files a motion to compel arbitration as to any plaintiff, that plaintiff will have 14 days to serve *jurisdictional discovery on that Defendant relating to that motion*.").[4]

However, it is Defendants' position that broader merits discovery should be stayed until the anticipated motions to compel arbitration and motions to stay pending arbitration have been decided.  First, Defendants do not concede that the claims against Google, Criteo, and Meta will go forward even if GoodRx's motion to compel arbitration granted, since other Defendants may move to compel arbitration and some or all claims may need to be stayed pending arbitration.

---

[4]    Defendants reserve the right to object to any such propounded discovery, if appropriate.

14

JOINT INITIAL CASE MANAGEMENT STATEMENT          CASE NOS. 3:23-cv-00501, 3:23-cv-00744,
                                                 3:23-cv-00940, 4:23-cv-01293, 3:23-cv-01508

Further, as has been recognized repeatedly in this district, staying discovery pending the outcome of a motion to compel arbitration is "prudent" for several reasons. *Stiener v. Apple Computer, Inc.*, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007). First, it "promotes the 'just, speedy, and inexpensive' resolution of [the] case," *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at *2 (N.D. Cal. Feb. 14, 2017), and "conserve[es] the resources of the parties," *Steiner*, 2007 WL 4219388, at *1. Here, not all plaintiffs allege the same claims, and not all plaintiffs have a basis to assert the same claims. For example, three of the five plaintiffs allege they are not California residents, and thus any basis to allege claims under California law for those plaintiffs is significantly different from the basis for the California plaintiffs to allege such claims. If any of the plaintiffs are compelled to arbitration, it will likely impact the scope of the remaining claims at issue—if any—and thus the associated scope of discovery. Indeed, the scope of discovery could vary dramatically depending on how many and which plaintiffs are compelled to arbitrate. It is Defendants' position that the relevant parties and claims potentially at issue in the case should be settled before discovery begins.[5] Moreover, staying discovery pending a decision on the forthcoming motions to compel arbitration avoids usurping the role of the arbitrator; if the "pending motion to compel arbitration is granted, litigation will proceed in an arbitral forum, not in this Court," and "'responsibility for the conduct of discovery [would] lie[] with the arbitrators.'" *Steiner*, 2007 WL 4219388, at *1.

---

[5] As noted above, Meta also anticipates filing a motion to sever the claims against it so that they may be related to and consolidated with *In re Meta Pixel Healthcare Litigation*. This motion, if granted, would similarly impact the parties and issues in the above-captioned actions. There are also several other actions currently pending in this district against Meta regarding the use of the Meta Pixel and SDK. Discovery in three of these matters, *In re Meta Pixel Healthcare Litigation*, *In re Meta Pixel Tax Filing Cases*, 22-cv-7557-SI, (N.D. Cal.), and *Gershzon v. Meta Platforms, Inc.*, 23-cv-00083-SI (N.D. Cal.), has been referred to Judge DeMarchi for coordination. If the claims against Meta in the above-captioned actions are not severed, related, and consolidated with *In re Meta Pixel Healthcare Litigation*, then Meta may seek coordination of discovery in this matter with the discovery being coordinated in these other cases before Judge DeMarchi.

Plaintiffs disagree that Meta's motion to sever has any impact on the scope of discovery or the issues in this action. Plaintiffs also disagree that discovery should be coordinated with actions concerning solely the Meta Pixel, which is not the only technology of Meta's at issue in this litigation.

Defendants are willing to meet and confer with Plaintiffs to discuss the timing and sequencing of discovery after the motions to compel arbitration, any motions to stay pending arbitration, and the motion to sever have been decided.  Defendants are further willing to meet and confer regarding any properly propounded discovery requests related to productions made to the FTC, but disagree that such discovery is warranted "immediately" or prior to resolution of the forthcoming motions to compel arbitration.  Defendants further dispute that there would be minimal burden associated with such requests and reserve the right to make further additional objections to any such request.

### *Protective Order:*

Plaintiffs believe the parties should submit in writing a protective order to maintain the confidentiality of documents and other information produced during discovery within 30 days from the appointment of interim class counsel.  Although Defendants dispute that general discovery should commence prior to a decision on forthcoming motions to compel arbitration, Defendants are nevertheless willing to agree to negotiate in good faith and endeavor to file an Protective Order within 60 days of the filing of the Consolidated Class Action Complaint, taking into account the number of parties involved in this matter.

### *Electronic Discovery:*

Plaintiffs believe the parties submit a joint protocol for the handling, maintenance, and production of electronically stored information ("ESI"), including any confidentiality designations within 30 days from the appointment of interim class counsel.  Although Defendants dispute that general discovery should commence prior to a decision on forthcoming motions to compel arbitration, Defendants are nevertheless willing to agree to negotiate in good faith and endeavor to file an ESI Protocol within 60 days of the filing of the Consolidated Class Action Complaint, taking into account the number of parties involved in this matter.

*Limitations or Modifications:*

The parties consent and agree, pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), that service may be made by electronic mail, with copies sent to all attorneys of record for the party served.

The parties agree that it is premature to propose any potential expansion of the discovery limits set forth in the Federal Rules of Civil Procedure.

9. **CLASS ACTIONS**

*Plaintiffs' Statement:*

Pursuant to the Federal Rule of Civil Procedure 23(b)(3), Plaintiffs seek to represent the following putative Class:

> All natural persons in the United States who used the GoodRx Platform and whose communications and/or data were shared with third parties, including the Advertising and Analytics Defendants.

> Excluded from the Classes are: (1) any Judge or Magistrate presiding over this action and any members of their immediate families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers, and directors; and (3) Plaintiffs' counsel and Defendants' counsel.

*Rule 23(a).* The proposed Class is sufficiently numerous for purposes of Fed. R. Civ. P. 23(a)(1), as it includes potentially millions of individuals who used the GoodRx Platform. The exact size of the proposed Class will be readily ascertainable from Defendants' records. Thus, joinder of such persons in a single action or bringing all members of the Class before the Court is impracticable. The disposition of the claims of the members of the Class through a class action will substantially benefit both the parties and the Court.

There are questions of law and fact common to the Class for purposes of Fed. R. Civ. P. 23(a)(2). Plaintiffs allege that GoodRx collected and shared their communications and/or data through its incorporation of Criteo's, Meta's, and Google's tracking technology in the GoodRx platform. These present common issues of law and fact for purposes of class certification.

Plaintiffs further assert claims that are typical of the claims of the Class for purposes of Fed. R. Civ. P. 23(a)(3). Plaintiffs and all members of the Class have been subjected to the same wrongful conduct because GoodRx shared each Class members communications and/or data in the same manner to Criteo, Meta, and Google.

Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class for purposes of FRCP 23(a)(4). Plaintiffs have no interests antagonistic to those of the other members of the Class. Plaintiffs are committed to the vigorous prosecution of this action and have retained counsel experienced in litigation of this nature to represent him.

*Rule 23(b).* Class certification is also appropriate under (at least) Fed. R. Civ. P. 23(b)(3) because class issues predominate over individualized issues. As stated above, at all relevant times GoodRx shared and Criteo, Meta, and Google intercepted Class members communications and/or data despite assurances by GoodRx that this information would remain confidential and private. This conduct was unlawful. Proof of a common set of facts will establish Defendants' liability and the rights of each member of the Class to relief. These common legal and factual questions, which do not vary among members of the Class and may be determined without reference to the individual circumstances of any member of the Class, predominate over individualized issues.

*Defendants' Statement:*

Defendants do not believe the Court should address the class allegations until after it rules on the Defendants' anticipated motions to compel arbitration, motions to stay pending arbitration, motion to sever the claims against Meta, and motions to dismiss.  Defendants dispute that Plaintiffs may establish a basis for class certification under Fed. R. Civ. P. 23, or that Plaintiffs will be able to show a class-wide basis for awarding damages.

## 10. RELATED CASES

Five cases have already been related by order of this court:  (1) *Jane Doe v. GoodRx Holdings, Inc.*, No. 3:23-cv-00501 (N.D. Cal. Feb. 2, 2023); (2) *John Doe v. GoodRx Holdings, Inc.*, No. 3:23-cv-00744 (N.D. Cal. Feb. 17, 2023); (3) *Marquez v. GoodRx Holdings, Inc.*, No. 3:23-cv-00940 (N.D. Cal. Mar. 3, 2023); (4) *Wilson v. GoodRx Holdings, Inc.*, No. 4:23-cv-01293

(N.D. Cal. Mar. 20, 2023); and (5) *E.C. v. GoodRx Holdings, Inc.*, No. 3:23-cv-01508 (N.D. Cal. Mar. 30, 2023).

With the exception of the claims against Meta in the *In re Meta Pixel Healthcare Litigation* consolidated action pending in this District, Case No. 22-cv-03580-WHO (N.D. Cal.) discussed above,[6] the parties are not currently aware of any other related cases that have been filed in this Court or any other. Plaintiffs dispute this action is in anyway related to *In re Meta Pixel Healthcare Litigation*, Case No. 22-cv-03580-WHO (N.D. Cal.), which concerns hospital patient portals and has nothing to do with the GoodRx coupon app and website at issue here.

## 11. RELIEF

### *Plaintiffs' Statement:*

Plaintiffs seek monetary damages, as well as declaratory, equitable and injunctive relief against alleged continued illegal practices, and any other relief the Court deems appropriate.

### *Defendants' Statement:*

Defendants contend that Plaintiffs are not entitled to any relief from Defendants and that the complaints fail to state a claim upon which relief can be granted.  At this stage in the litigation, Defendants are not in a position to describe the bases on which any alleged damages should be calculated in the event liability were to be established (which Defendants contest).  Defendants have not yet filed any counterclaims but reserve the right to do so when they respond to the Plaintiffs' anticipated Consolidated Complaint.

## 12. SETTLEMENT AND ADR

Per ADR L.R. 3-5, the parties and their counsel have read the handbook entitled "Dispute Resolution Procedures in the Northern District of California," available at www.adr.cand.uscourts.gov. The parties believe it is premature to engage in ADR or settlement discussions at this time.

## 13. OTHER REFERENCES

---

[6]   It is Meta's position that the claims against Meta in *Doe v. Hey Favor, Inc.*, 23-cv-00059-WHO (N.D. Cal.) are also related to the claims against Meta in the above-captioned cases.

19

JOINT INITIAL CASE MANAGEMENT STATEMENT                    CASE NOS. 3:23-cv-00501, 3:23-cv-00744,
                                                            3:23-cv-00940, 4:23-cv-01293, 3:23-cv-01508

As noted above, following a ruling on Plaintiffs' unopposed motion for consolidation and the filing of a Consolidated Complaint, Defendant GoodRx anticipates filing one or more motions to compel arbitration. Defendants Criteo, Google, and Meta reserve their rights to similarly file motions to compel arbitration or to stay litigation pending the motions to arbitrate and any subsequent arbitrations. The parties otherwise agree that this case is not suitable for reference to a special master or referral to the Judicial Panel on Multidistrict Litigation at this time. The parties reserve their rights on the suitability of these mechanisms if facts or circumstances change.

## 14. NARROWING OF ISSUES

The parties are not presently aware of any issues that can be narrowed by agreement.

Defendants believe that the anticipated motions to compel arbitration and motions to dismiss—if they are not dispositive of the cases in whole—are likely to narrow or eliminate issues for discovery and for trial. Plaintiffs disagree, for the reasons described in Section 8.

## 15. EXPEDITED TRIAL PROCEDURE

The parties agree that this case is not appropriate for the Expedited Trial Procedure of General Order No. 64 Attachment A.

## 16. SCHEDULING

*Plaintiffs' Statement:*

Keeping in mind the Court's scheduling guidelines and complexities of this case, Plaintiffs propose the following schedule:

| Event | Date |
|---|---|
| Motions to Appoint Interim Class Counsel | Fourteen (14) days after the entry of an order consolidating the actions. |
| Filing of the Consolidated Class Action Complaint | Thirty (30) days after entry of an order appointing interim class counsel in the consolidated action. |
| Exchange of Initial Disclosures | Fourteen (14) days after the filing of the Consolidated Class Action Complaint |
| Protective Order & ESI Protocol | The Parties will endeavor to file a Protective Order & ESI Protocol within |

JOINT INITIAL CASE MANAGEMENT STATEMENT

CASE NOS. 3:23-cv-00501, 3:23-cv-00744,
3:23-cv-00940, 4:23-cv-01293, 3:23-cv-01508

| | |
|---|---|
| | Thirty (30) days of the filing of the Consolidated Class Action Complaint. |
| Motions to Dismiss, Motions to Compel Arbitration and/or Motions to Stay Litigation Pending Arbitration against any or all Named Plaintiffs. | Forty-five (45) days from the filing of the Consolidated Class Action Complaint. |
| Deadline to Serve Jurisdictional Discovery<br><br>* Should any Defendant file a motion to compel arbitration as to any Plaintiff | That Plaintiff will have fourteen (14) days to serve jurisdictional discovery on that Defendant relating to that motion. |
| Opposition to Motions to Dismiss and/or Motions to Stay Litigation Pending Arbitration against any or all Named Plaintiffs. | Thirty (30) days after the filing of such motion(s). |
| Response/Opposition to Motions to Compel Arbitration | Thirty (30) days after jurisdictional discovery is completed. |
| Replies to any Motions to Dismiss, Motions to Compel Arbitration and/or Motions to Stay Litigation Pending Arbitration against any or all Named Plaintiffs. | Twenty-one (21) days after the response is filed. |
| Motions to Dismiss as to any Plaintiffs for Whom a Defendant Moved to Compel Arbitration, which was Denied by this Court.<br><br>*This deadline applies only with respect to the Defendant who Moved to Compel, and is limited to a Motion to Dismiss the specific Plaintiff's claims who that Defendant Moved to Compel. | Forty-five (45) days after the Court's ruling on that Defendants' Motion to Compel Arbitration of that Plaintiff's claims. |
| Response/Opposition to Motions to Dismiss (*subject to the above condition) | Thirty (30) days after the filing of such motion(s). |
| Replies to Motions to Dismiss (*subject to the above condition) | Fifteen (15) days after the response is filed. |
| Substantial Completion Deadline | Three (3) months before the Deadline to File Dispositive Motions |
| Close of Fact Discovery (150 days until dispositive motions) | Five (5) months before the Deadline to File Dispositive Motions |

| Further Case Management Conference | TBD |
|---|---|
| Motion for Class Certification & Filing of Plaintiffs' Expert Report(s) (120 days before Dispositive Motions) | Thirty (30) days after the Close of Fact Discovery |
| Deadline to Depose Plaintiffs' Expert(s) | Thirty (30) day after the Filing of Motion for Class Certification |
| Responses/Opposition(s) to Motion for Class Certification & Filing of Defendants' Expert Report(s) (75 days left before dispositive motions) | Forty-five (45) day after the Filing of Motion for Class Certification |
| Deadline to Depose Defendants' Expert(s) | Forty-five (30) day after the Filing of Responses/Objection(s) to Motion for Class Certification. |
| Reply to Motion for Class Certification & Filings or Rebuttal Expert Report(s) (30 days left before dispositive motions) | Forty-five (45) day after the Filing of Responses/Objection(s) to Motion for Class Certification. |
| Close of Expert Discovery | Forty-five (45) day after the Filing of Responses/Objection(s) to Motion for Class Certification. |
| Hearing regarding class certification | TBD |
| Deadline to File Dispositive Motions or *Daubert* Motions (90 days before pretrial) | Three (3) months before the pretrial conference. |
| Responses/Oppositions to Dispositive Motions or *Daubert* Motions (60 days before pretrial) | Thirty (30) days from the filing of such motion(s). |
| Replies to Dispositive Motions or *Daubert* Motions (45 before pretrial) | Fifteen (15) days after the response is filed. |
| Hearing Regarding Dispositive Motions or *Daubert* Motions (31 before pretrial) | TBD |
| Pretrial Conference | One (1) week before trial. |
| Trial Date | Eighteen (18) months from the filing of the Consolidated Class Action Complaint |

***Defendants' Statement:***

Defendants believe it is premature to set a case schedule before the Court rules on the Defendants' anticipated motions to compel arbitration, any motions to stay pending arbitration, and Defendants' anticipated motions to dismiss.  If the Court prefers to take a different approach, Defendants respectfully request that the Court allow the parties to further meet and confer to discuss the case schedule before the Court issues a ruling on that schedule; in particular, as of the time of this filing, Defendants have not had sufficient opportunity to consider Plaintiffs' proposed schedule, and Defendants believe the parties would benefit from further discussions regarding an appropriate case schedule.

In the interim, Defendants propose the following schedule.  Defendants are aware of this Court's guidance that that the trial date should be 12–16 months from the filing of the complaint.  However, given the unique nature of this case and the anticipated motion(s) to compel arbitration (*see supra* § 4) and the likely the need to brief class certification, Defendants believe that the below proposal is the most condensed schedule that is reasonably possible.

| Event | Date |
|---|---|
| **Deadline for ADR Process to Begin** | Thursday, July 27, 2023 |
| **Discovery Cutoff** | Fact Discovery: Wednesday, May 15, 2024<br><br>Expert Discovery: Thursday, August 1, 2024 |
| **Class Certification or Dispositive Motions Hearing Deadline** | Thursday, October 3, 2024 |
| **Dispositive Motions or Class Certification Hearing Deadline** | Thursday, December 5, 2024 |
| **Pretrial Conference** | Tuesday, February 10, 2025 |
| **Trial Start Date** | Tuesday, February 24, 2025 |

## 17. TRIAL

Plaintiffs have requested a trial by jury. The parties believe it is too early to estimate the length of trial until certain motions are resolved.

CASE NOS. 3:23-cv-00501, 3:23-cv-00744, 3:23-cv-00940, 4:23-cv-01293, 3:23-cv-01508

## 18. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiffs in the *John Doe* Action and the *E.C.* Action filed their respective Certifications of Conflicts and Interested Entities or Persons on March 7, 2023 (*John Doe*, Dkt. 19) and on March 30, 2023 (*E.C.*, Dkt. 3), which stated that there is no such conflict or interest (other than the named parties) to report. Plaintiffs in the *Jane Doe*, *Marquez*, and *Wilson* Actions have not yet filed Certifications of Conflicts and Interested Entities or Persons.

GoodRx filed its Certifications of Interested Entities or Persons on February 24, 2023 (*Jane Doe* Action, Dkt. 23) and March 13, 2023 (*John Doe* Action, Dkt. 32), which stated that there is no conflict or interest (other than the named parties) to report.

Criteo filed its Certification of Interested Entities or Persons on March 9, 2023 (*Jane Doe* Action, Dkt. 46), which reported that Criteo, S.A. (i) has a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) has a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding. Criteo has not yet appeared in the *John Doe*, *Marquez*, *Wilson*, or *E.C.* Actions.

Meta filed its Certifications of Conflicts and Interested Entities or Persons on February 27, 2023, (*Jane Doe* Action, Dkt. 34) and March 15, 2023 (*John Doe* Action, Dkt. 42), which stated that there is no conflict or interest (other than the named parties) to report. Meta has not yet appeared in the *Marquez*, *Wilson*, or *E.C.* Actions.

Google filed its Certification of Interested Entities or Persons on March 13, 2023 (*Jane Doe* Action, Dkt. 57), which reported that Google LLC, XXVI Holdings Inc. (Holding Company of Google LLC), and Alphabet Inc. (Holding Company of XXVI Holdings Inc.), (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding. Google has not yet appeared in the *John Doe*, *Marquez*, *Wilson*, or *E.C.* Actions.

**19. PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California and agree to comply with these Guidelines in addition to those set out in the Federal Rules.

**20. OTHER**

At this time, the parties do not request the attention of the Court with respect to matters other than those outlined above.

DATED:  April 27, 2023                      Respectfully submitted,

                                            */s/ Robert C. Schubert*

                                            Robert C. Schubert #62684
                                            Willem F. Jonckheer #178748
                                            Amber L. Schubert #278696
                                            **SCHUBERT JONCKHEER & KOLBE LLP**
                                            2001 Union Street, Suite 200
                                            San Francisco, CA 94123
                                            Telephone:    (415) 788-4220
                                            Facsimile:    (415) 788-0161
                                            rschubert@sjk.law
                                            wjonckheer@sjk.law
                                            aschubert@sjk.law

                                            Christian Levis (*pro hac vice*)
                                            Amanda Fiorilla (*pro hac vice*)
                                            Rachel Kesten (*pro hac vice*)
                                            **LOWEY DANNENBERG, P.C.**
                                            44 South Broadway, Suite 1100
                                            White Plains, NY 10601
                                            Telephone:    (914) 997-0500
                                            Facsimile:    (914) 997-0035
                                            clevis@lowey.com
                                            afiorilla@lowey.com
                                            rkesten@lowey.com

                                            *Attorneys for Plaintiff JANE DOE*

DATED:  April 27, 2023                      */s/ Mark L. Javitch*

                                            Mark L. Javitch (CA SBN 323729)
                                            mark@javitchlawoffice.com
                                            Javitch Law Office
                                            3 East 3rd Ave., Suite 200
                                            San Mateo, CA  94401
                                            Telephone:    (650) 781-8000
                                            Facsimile:    (650) 648-0705

                                            Thomas A. Zimmerman, Jr. (*pro hac vice*)
                                            tom@attorneyzim.com
                                            Zimmerman Law Offices, P.C.
                                            77 W. Washington Street, Suite 1220
                                            Chicago, Illinois 60602
                                            Telephone:    (312) 440-0020
                                            Facsimile:    (312) 440-4180

                                            *Attorneys for Plaintiff JOHN DOE*

26

JOINT INITIAL CASE MANAGEMENT STATEMENT          CASE NOS. 3:23-cv-00501, 3:23-cv-00744,
                                                 3:23-cv-00940, 4:23-cv-01293, 3:23-cv-01508

DATED:  April 27, 2023

*/s/ L. Timothy Fisher*

L. Timothy Fisher (SBN 191626)
Jenna L. Gavenman (SBN 348510)
**BURSOR & FISHER, P.A.**
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
E-mail: jgavenman@bursor.com

*Attorneys for Plaintiff JOSE MARQUEZ*

DATED:  April 27, 2023

*/s/ Jonathan Shub*

Jonathan Shub #237708
Benjamin F. Johns (*pro hac vice* forthcoming)
Samantha E. Holbrook (*pro hac vice* forthcoming)
**SHUB LAW FIRM LLC**
134 Kings Highway E
Haddonfield, NJ 08033
Telephone:    (856) 772-7200
Facsimile:    (856) 210-9088
jshub@shublawyers.com
bjohns@shublawyers.com
sholbrook@shublawyers.com

*Counsel for Plaintiff HOLLIS WILSON*

DATED:  April 27, 2023

*/s/ Israel David*

Israel David (*pro hac vice*)
israel.david@davidllc.com
Blake Hunter Yagman (*pro hac vice*)
blake.yagman@davidllc.com
**ISRAEL DAVID LLC**
17 State Street, Suite 4010
New York, New York 10004
Telephone:    (212) 739-0622
Facsimile:    (212) 739-0628

*Attorneys for Plaintiff E.C.*

*/s/ Rebecca M. Hoberg*

Rebecca M. Hoberg
rhoberg@moyalawfirm.com
**MOYA LAW FIRM**

JOINT INITIAL CASE MANAGEMENT STATEMENT                CASE NOS. 3:23-cv-00501, 3:23-cv-00744,
                                                       3:23-cv-00940, 4:23-cv-01293, 3:23-cv-01508

1300 Clay Street, Suite 600
Oakland, California 94612
Telephone:      (510) 926-6521

*Local Counsel for Plaintiff E.C.*

DATED:  April 27, 2023                    */s/ Michael J. Shipley*

Michael J. Shipley (SBN 233674)
mshipley@kirkland.com
**KIRKLAND & ELLIS LLP**
555 South Flower Street, Suite 3700
Los Angeles, California 90071
Telephone:   (213) 680-8400
Facsimile:    (213) 680-8500

Olivia Adendorff (*pro hac vice*)
olivia.adendorff@kirkland.com
**KIRKLAND & ELLIS LLP**
4550 Travis Street
Dallas, TX  75205
Telephone:      (214) 972-1758
Fascimile:       (214) 972-1771

Martin L. Roth (*pro hac vice*)
martin.roth@kirkland.com
Alyssa C. Kalisky (*pro hac*)
alyssa.kalisky@kirkland.com
**KIRKLAND & ELLIS LLP**
300 N. LaSalle
Chicago, IL 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200

*Attorneys for Defendant*
*GOODRX HOLDINGS, INC.*

DATED:  April 27, 2023                    */s/ Lauren R. Goldman*

Lauren R. Goldman (*pro hac vice*)
lgoldman@gibsondunn.com
Darcy C. Harris (*pro hac vice*)
dharris@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166
Telephone:      (212) 351-4000
Facsimile:       (212) 351-4035

Elizabeth K. McCloskey (268184)
emccloskey@gibsondunn.com
Abigail A. Barrera (301746)

abarrera@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone:      (415) 393-4622
Facsimile:      (415) 801-7389

Andrew M. Kasabian (313210)
akasabian@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071 USA
Telephone:      (213) 229-7311
Facsimile:      (213) 229-6311

Michael G. Rhodes (116127)
rhodesmg@cooley.com
Kyle C. Wong (224021)
kwong@cooley.com
Caroline A. Lebel (340067)
clebel@cooley.com
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:      (415) 693-2000
Facsimile:      (415) 693-2222

*Attorneys for Defendant*
*META PLATFORMS, INC.*
*(formerly known as Facebook, Inc.)*

DATED:  April 27, 2023                    */s/ Tenaya Rodewald*

Tenaya Rodewald, Cal. Bar No. 248563
**SHEPPARD, MULLIN, RICHTER &**
**HAMPTON LLP**
1540 El Camino Real Suite 120
Menlo Park, California 94025-4111
Telephone:      (650) 815-2600
Facsimile:      (650) 815-2601
Email: trodewald@sheppardmullin.com

Thomas Dillickrath, *pro hac vice* forthcoming
**SHEPPARD, MULLIN, RICHTER &**
**HAMPTON LLP**
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
Telephone:      (202) 747-1900
Facsimile:      (202) 747-1901
Email: tdillickrath@sheppardmullin.com

Sarah A. K. Blitz, Cal. Bar No. 280118

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:    (213) 620-1780
Facsimile:    (213) 620-1398
Email: sblitz@sheppardmullin.com

*Attorneys for Defendant CRITEO CORP.*

DATED:  April 27, 2023          */s/ Bendict Y. Hur*

Benedict Y. Hur (SBN: 224018)
Simona Agnolucci (SBN: 246943)
Eduardo E. Santacana (SBN: 281668)
Tiffany Lin (SBN: 321472)
Yuhan Alice Chi (SBN: 324072)
**WILLKIE FARR & GALLAGHER LLP**
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone:    (415) 858-7400
Facsimile:    (415) 858-7599
bhur@willkie.com
sagnolucci@willkie.com
esantacana@willkie.com
tlin@willkie.com
ychi@willkie.com

*Attorneys for Defendant GOOGLE LLC*

I, Michael J. Shipley, am the ECF user whose ID and password are being used to file this Stipulation and [Proposed] Scheduling Order.  In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that all counsel listed above have concurred in this filing.

DATED:  April 27, 2023

*/s/ Michael J. Shipley*

Michael J. Shipley (SBN 233674)
mshipley@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, California 90071
Telephone:   (213) 680-8400
Facsimile:   (213) 680-8500

31

JOINT INITIAL CASE MANAGEMENT STATEMENT                    CASE NOS. 3:23-cv-00501, 3:23-cv-00744,
3:23-cv-00940, 4:23-cv-01293, 3:23-cv-01508

**(a)     CERTIFICATE OF SERVICE**

On April 27, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all persons registered for ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1 have been so served.

*/s/ Michael J. Shipley*

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated: _____          _____

                                    UNITED STATES DISTRICT COURT JUDGE